UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR KENT KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-616-JED-TLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant(s). | ) |

## OPINION AND ORDER

The Court has for its consideration defendant, the United States of America's, Motion to Dismiss (Doc. 9), which is at issue (*see* Docs. 11 and 12). The United States moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### I.   Background

Plaintiff brings the instant lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*. for medical malpractice based upon treatment received at Morton Comprehensive Health Services, Inc. ("MCHS"). MCHS is a federally supported health care center which has FTCA medical malpractice coverage pursuant to the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233(g)-(n)). Plaintiff claims that in February of 2010, while a patient at MCHS, he was in renal failure and was not properly diagnosed for an extended period of time, resulting in permanent kidney damage and the need for lifelong dialysis.

Plaintiff originally filed this litigation in state court on October 28, 2011. The case was removed to federal court on January 27, 2012. On July 25, 2012, the Honorable Terence C. Kern, to whom this case was initially assigned, dismissed the case for lack of subject matter

jurisdiction based upon a finding that plaintiff had not exhausted his administrative remedies by submitting the claim to the appropriate agency – here, the Department of Health and Human Services ("DHHS") – as required by the FTCA. *See King v. United States*, Case No. 12-CV-33-TCK-TLW.

On February 23, 2012, plaintiff submitted an administrative tort claim to DHHS. The claim was submitted on a standard "Form 95," which states in somewhat cursory fashion that plaintiff was injured at MCHS. (*See* Doc. 9-2). On March 1, 2012, DHHS sent a letter to plaintiff's counsel acknowledging receipt of the claim and requesting additional documents, which included the following:

> 1. Two copies of any and all private medical records, including duplicate copies of diagnostic imaging, pertinent to your client's alleged injuries and his present condition (emphasis in original).
>
> 2. Itemized bills for medical expenses incurred by reason of the incident, or itemized receipts of payments for such expenses.
>
> 3. A written report by your client's attending physician setting forth the nature and extent of the injuries, including nature and extent of treatment, any degree of temporary or permanent disability, and the prognosis.
>
> 4. If the prognosis reveals the necessity for future treatment, a signed statement of expected duration of and expenses for such treatment.
>
> 5. Any other evidence or information which may have a bearing on the responsibility of the United States for the personal injury or the damages claimed.
>
> 6. Evidence of your authority to file a claim on behalf of Arthur Kent King.

(Doc. 9-3).

DHHS received nothing in response to this letter, so a second letter was sent on May 8, 2012, stating that the requested information had not been received, but was necessary to move forward with the claim. On May 14, 2012, plaintiff submitted billing records from private health care providers and a medical report from a physician regarding plaintiff's current condition.

2

Again, however, the remaining categories of materials requested were not submitted. Hence, on June 26, 2012, DHHS sent a third letter to plaintiff acknowledging receipt of the materials and stating that the other categories were still needed by the agency. Plaintiff did not submit any further materials to DHHS and filed this lawsuit on November 2, 2012. On February 6, 2012, the United States filed a motion to dismiss, arguing that plaintiff had yet again failed to exhaust his administrative remedies.

## II.     Standards

The United States, as a sovereign entity, is immune from suit unless it has consented to be sued, "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Through the FTCA, the United States has provided a limited waiver of the federal government's sovereign immunity from private suit. *See* 28 U.S.C. § 1346(b); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The prerequisite for liability under the FTCA is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

"Because the FTCA constitutes a waiver of the government's sovereign immunity [the FTCA requires notice to the government, and] the notice requirements established by the FTCA must be strictly construed." *Trentadue*, 397 F.3d at 852 (10th Cir. 2005); *see also* 28 U.S.C. § 2675. "The [notice] requirements are jurisdictional and cannot be waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Section 2675 "requires that

claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Trentadue*, 397 F.3d at 852 (quoting *Bradley,* 951 F.2d at 270).

The question presented by the United States' motion to dismiss is whether plaintiff provided sufficient notice of his claim to have exhausted these administrative requirements.

### III.   Analysis

The United States urges the Court to dismiss plaintiff's lawsuit for failure to exhaust administrative remedies under the FTCA.  Specifically, the United States maintains that, absent the detailed information sought by its three letters to plaintiff, it was impossible for DHHS to conduct an investigation into the merits of plaintiff's claim.  Plaintiff responds that the Form 95 submitted and subsequent documentation (namely, the billing records and the physician's medical report) contained sufficient information to put the agency on notice and permit it to begin an investigation of its own into the matter.

The purpose of the FTCA and its presentment requirement found in 28 U.S.C. § 2675 is to facilitate the settlement of claims by the agencies to which they are presented and ease congestion of federal court dockets.  *Staggs v. U.S. ex rel. Dep't of Health & Human Servs*., 425 F.3d 881, 885 (10th Cir. 2005) (citing *Bradley*, 951 F.2d at 271 n. 3).  To help achieve this purpose, the presentment requirement of § 2675 must be satisfied as a predicate to federal jurisdiction over a claim under the FTCA.  *See Bradley*, 951 F.2d at 270.  When § 2675 was enacted, Congress also enacted § 2672, which gives agencies the authority to settle a claim and directs them to promulgate regulations which facilitate the prompt settlement of claims.  *See* 28

U.S.C. § 2672. One such regulation, 28 C.F.R. § 14.4(b), allows an agency to request the following information:

> In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
>
> (1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
>
> (2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.
>
> (3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
>
> (4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.
>
> (5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.
>
> (6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

28 C.F.R. § 14.4(b). DHHS' initial request for further information following plaintiff's submission of his Form 95 largely mirrors the categories of information which may be requested pursuant to § 14.4(b).

Courts have disagreed as to whether compliance with regulations such as § 14.4(b) – which are promulgated under § 2672 for settlement purposes, not under § 2675 – should be part of the jurisdictional presentment requirement of § 2675. The Tenth Circuit has not expressed an

5

opinion on this point, but the majority of circuits to do so have concluded that the jurisdictional presentment requirement under § 2675 is separate and distinct from the procedures established under § 2672 to facilitate settlements. *See, e.g., G.A.F. Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987) ("To conflate the mandatory presentment requirement of Section 2675(a) with the settlement procedures of Section 2672, and require claimants to substantiate claims for settlement purposes as a prerequisite for filing suit, is to compel compliance with settlement procedures contrary to congressional intent.") (footnote omitted). The *G.A.F.* decision is considered to be the leading case relevant to this analysis, and it is supported by several other circuit decisions. *See id.*; *Charlton v. United States*, 743 F.2d 557 (7th Cir. 1984); *Warren v. United States Dep't of Interior Bur. of Land Management*, 724 F.2d 776 (9th Cir. 1984) (*en banc*); *Tucker v. United States Postal Service*, 676 F.2d 954 (3rd Cir. 1982); *Douglas v. United States*, 658 F.2d 445 (6th Cir. 1981); *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980).[1] In short, the majority position is that a plaintiff is not necessarily required to comply with the regulations promulgated under § 2672, such as the § 14.4(b) regulation cited above, for her claim to be exhausted, thereby rendering jurisdiction proper in federal court.[2]

This Court finds – consistent with the majority position – that plaintiff was not, as a matter of law, required to provide the information requested by DHHS' letters (and also found in

---

[1] *But see Kanar v. United States*, 118 F.3d 527, 528-29 (7th Cir. 1997) (holding that a plaintiff must comply with each of the regulatory requirements found in 28 C.F.R. § 14.2); *Mader v. United States*, 654 F.3d 794, 803-04 (8th Cir. 2011) (requiring plaintiffs to include evidence of a representative's authority to act on behalf of the claim's beneficiary (as required under § 14.2), but declining to interpret § 2675 as requiring compliance with regulations promulgated under § 2672).

[2] While the Tenth Circuit has not adopted this position, it has noted that the test for presentment should be a "pragmatic one" and "should not be interpreted inflexibly." *Trentadue*, 397 F.3d at 853. These observations are consistent with this Court's reliance upon the five circuits which have squarely concluded that § 2675's jurisdictional presentment requirement is distinct from the procedures intended to facilitate settlements under § 2672.

the instructions portion of the Form 95) in order to meet the notice requirement of § 2675. However, it remains to be determined whether the information provided by plaintiff was sufficient "to enable the agency to begin its own investigation." *Trentadue*, 397 F.3d at 852 (internal quotation omitted).

Plaintiff's Form 95 does not provide a great deal of information about the basis for his claim. The form provides the date of the "accident," the nature of the injury, the amount of the claim, and states some basic information about MCHS and how plaintiff's injury came about. As noted, plaintiff provided more information to DHHS in response to its second letter. Specifically, plaintiff provided his medical bills and an expert report which described the injuries sustained by plaintiff and his long-term prognosis. (Doc. 9-3; Doc. 11, at 1). The Court finds that this information, when viewed in its totality, was sufficient to put DHHS on notice of plaintiff's claim and permit it to conduct an investigation into the claim. *See, e.g., Douglas*, 658 F.2d at 448 (holding notice was sufficient where plaintiff submitted completed Form 95, medical bills, and two medical reports, but failed to submit other reports and records requested by agency); *Koziol v. United States*, 507 F. Supp. 87, 89-91 (N.D. Ill. 1981) (notice sufficient where plaintiff provided physician's report and medical bills with incomplete Form 95, but ignored requests by agency to submit materials with second completed Form 95); *Reynoso v. United States*, 537 F. Supp. 978, 979 (N.D. Cal. 1982) (notice sufficient where plaintiff gave written notice, placed a value on claim, and government had access to majority of medical information).

The United States has argued that plaintiff's medical records were in the sole possession and custody of plaintiff, however it has provided no explanation as to why it could not conduct some type of investigation with the information it did have. As the Court has noted, the jurisdictional presentment requirement does not specifically require the provision of a plaintiff's

7

medical records to the relevant agency prior to filing a lawsuit. The agency knew when, where, and how the alleged injury took place, and could have acted on that information.[3] That is sufficient to trigger the jurisdiction of this Court under § 2675.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 9) is **denied**. Defendant is directed to file its Answer on or before May 22, 2013.

**SO ORDERED** this 2nd day of May, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3] In this respect, the Court notes that, when MCHS was deemed eligible for FTCA malpractice coverage, it was required to provide assurances that it would "cooperat[e] with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future." (Doc. 9-1).